Mr. Chief Justice Shakkev
delivered the opinion of the court.
This case comes up by reference from the circuit court of Adams county, on doubts entertained by the judge as to the rule of decision in a motion for a new trial. The main point relied on and contended for in support of the motion, is in relation to the admissibility of Knox, a witness offered by the defendants, and the propriety of the matters' which he was introduced to prove. The suit is brought by the administrator de bonis non, on the estate of Nixon, against the sureties of the administrator, on the administration bond. The first administrator had filed his administration account in the orphans’ court, which was produced in evidence, one item of which was a debit against the administrator of 5000 dollars, in consequence of a debt due to the intestate from the witness Knox and R. Knox, which had been *147 paid to the administrator, as appeared by the account. The witness was offered for the purpose of proving that 2000 dollars of that sum was liquidated by the settlement of a debt of that amount due from Hankinson, the administrator, individually, to the witness, and that Hankinson was at the time insolvent. The witness refused to testify, on the ground that his testimony might subject him to an action. The propriety of the testimony must depend upon the purpose for which it was introduced, in reference to the matter in dispute. It is contended for the defendants, that such an arrangement between the parties, did not amount to a payment or extinguishment of the debt due from Knox, and that, therefore, the administrator de bonis non cannot recover the 2000 dollars of the defendants, but must resort to the original debtors against whom the debt still exists, and with a view to let in this defence, the testimony was offered. Whether such a transaction would amount to an extinguishment of the debt, depends upon circumstances. If it was a fair and honest transaction for a valuable consideration passing to the administrator, without any intention to defraud the estate, it may be questionable how far the act of itself would justify a court of equity in giving relief on the ground of implied fraud. The decisions cited in 7 Johnson’s Chancery Reports, 150, are somewhat contradictory; it is not, however, necessary or proper to decide this point, since it is clear from the above authority, that if the act took place by collusion between the parties, in fraud of the estate, it was not an extin-guishment of the debt due from Knox, and he is still liable, and the administrator de bonis non would have to resort to him, and cannot claim to recover of the defendants. If any right of action accrued in consequence of such act against the defendants, it was iu favor of creditors or distributees for mal-administration. I do not consider the merits of the action before us, and therefore confine the investigation to the point made by the court below, and if the action was properly brought for such a recovery as the administrator de bonis non could legally effect, the testimony was undoubtedly proper as regards the facts attempted to be proved. The only question remaining is, was the witness bound to testify?
In criminal cases, a witness is not bound to answer, when it *148 would render him liable to a punishment. The rule in civil cases does not excuse a witness from testifying, because he may or may not be affected by the result, having no interest in the record. In England, before the act of 46 George 3, chapter 37, it was held a doubtful question whether a witness was bound to testify when the answer might subject him to civil liabilities. By that statute he was compelled to answer, although it may render him civilly liable.
This rule has been adopted by several of the states. In Pennsylvania, 4 S. & R., 397, it was decided that a witness was hound to testify; so in Kentucky, and it is sanctioned by reason. It is not the answer that creates the liability. That must have existed before, and the only objection that could be urged is, that it might put a party in possession of information which he had not before. If the facts in regard to which testimony is sought were known to the party previously, the witness could not protect himself from disclosure, for if a remedy should be sought against him, he would be liable to a disclosure on bill of discovery.
It is the object of the law, moreover, to elicit truth as the foundation for a proper application of the principles of justice. The constitutional provision of exemption only extends to criminal cases, and I know of no legislative provision giving such privilege to witnesses. But even if a witness is privileged from answering when the answer may be used against him, such a rule could only be applied to the answers to particular questions, and would not justify a witness in refusing to testify at all. In this case no particular question is referred to as leading to an answer that might operate against the witness, but he refused generally, to give evidence, in which he was not justified.
It is objected by the plaintiff’s counsel that the court should go beyond the reasons assigned below for a new trial. On this point, it may be observed, that the only thing that gives this court jurisdiction in the present cause is the reference by the court below. The law requires, that when a circuit judge entertains doubts, he shall certify the points on which he doubts to the appellate court, which court is required to settle them.
In this case the point on which the court doubted, is expressly *149 set out as the law directs, and certified to this court, and is therefore, particularly, the subject presented for our consideration.
A new trial must be granted.
Note. — In this case, like all others, coming up upon doubts, and in which it is necessary that further proceedings should be had in the court below, it is out of the power of the Reporter to give a statement of the case from the record, the same having been sent back to the court from whence it came.